McCALEB, Justice
(dissenting).
I, of course, recognize the inherent .right of this Court to remand a case for the taking of further evidence when it appears that new or otherwise available evidence relevant to the issues can be produced and that, if such evidence is produced, there is a strong likelihood that the Court would render a different judgment.
However, this is not such a case. There has been no showing of any substantial nature, on rehearing or at any other time, that evidence could be produced before the Public Service Commission which would justify either the district court or this Court in concluding that the public good to be derived from the maintenance of the agency station at Pitkin outweighs the expense to the railroad in continuing such agency.
This is one of the many run-of-the-mill railroad station-agency cases brought to this Court during the past few years on the complaint of the railroad applicants of their inability to obtain fair rulings from the Public Service Commission which has steadfastly denied applications to close unprofitable station agencies, despite the fact that, according to the .railroads’ system of accounting (which the Commission refuses to recognize but has never offered any evidence to show that the system is incorrect), the losses from operations have far outweighed whatever inconvenience the communities would sustain as the result of the discontinuance of the agency.
In its application for a rehearing (no brief was submitted by the Commission on the rehearing) the Commission requested, among other things, a remand simply stating that such relief should be granted so that it could “ * * * consider evidence as to the effect of the reopening of Fort Polk on the income and expense and need and necessity of the agency station at Pit-kin * * * ”. In acceding to this request, the majority opinion on rehearing predicates its ruling on two considerations —(1) that the record does not reflect with sufficient clarity the extent to which the people in the area surrounding Pitkin will be inconvenienced as a result of the discontinuance and (2) that, since Fort Polk has been reactivated, its effect on the economy of the area served by the agc-ncy station should be explored.
*80 These reasons overlook, in my view, the fundamental issue in the case — which is— whether, under the evidence heard by the Commission (there is no showing here, by affidavit or otherwise, that all the available evidence touching on the issue presented was not produced), the Commission abused its discretion in not granting the railroad the relief sought. Once it has been held by the courts that the Commission’s denial of the railroad’s application was arbitrary, it just does not do to rule that the case should be remanded so that the Commission may hear additional evidence on the possibility that such evidence may be sufficient to change the scales and justify the Commission in denying the application.
Adverting, now, to the majority’s first reason for the remand, i. e., that the station serves several communities in Vernon, Rapides, Beauregard and Allen Parishes, and the record does not reflect the adverse effect on these communities as a result of the closing of the agency, I think it sufficient to say that these communities, as the record already reveals, do not use the agency to such an extent that any substantial degree of inconvenience will result from the closing of the agency. Indeed, if slight inconvenience ensues, it cannot be! justifiably said that it outweighs the railroad’s loss of over $8,000 during a 20-month period in its operations.
So far as concerns the remand of the case for the purpose of ascertaining whether the reactivation of Fort Polk has rendered necessary the continuance of the station agency in the cause of public convenience, I fail to see any sound basis for the ruling. First of all, the request for a remand is founded entirely on the unsupported statement of the Commission’s counsel that evidence should be heard on the effect the reopening of Fort Polk has had on the railroad’s income and expenses and on the public necessity for the continuance of the agency. No facts or figures are produced, either by affidavit or even mere allegations, which exhibit that, since Fort Polk has been reactivated, the business of the station agency has increased or even that the station’s facilities have been used by military personnel for the shipment or receipt of freight.
In the absence of some concrete showing that specific evidence can be produced which will require a different result from that reached on first hearing, a remand is unwarranted in my opinion. This case has been before the Commission on three occasions since July of 1958 and before the courts since February, 1959. During the hearings, the opponents of the railroad had full opportunity to produce all available proof. It is high time that the case be brought to an end.
I respectfully dissent.